JAMES C. McCRAY, Respondent, v. LEWIS LOWRY, Appellant.

Kansas City Court of Appeals, March 28, 1887.

1. CASE ADJUDGED—DECREE BASED ON MATTERS NOT IN PLEADINGS OR IN EVIDENCE.—Where, as in this case, there is nothing in the pleadings, nor in the *evidence in the case*, from either side, on which to base the findings and conclusion set forth in a decree, it is impossible to sustain it.

2. PLEADING—PRAYER FOR GENERAL RELIEF—LIMITATIONS UPON THE POWER OF GRANTING.—The *relief* granted under a prayer for genera relief must be such as is agreeable to the case made by the bill. " When the prayer for *general* relief is sufficient, the *special* relief prayed at the bar must essentially depend upon the proper frame

and structure of the bill; for the court will grant such relief only as the case stated will justify, and will not ordinarily be so indulgent as to permit a bill framed for one purpose to answer another, especially if the defendant may be surprised or prejudiced thereby." Story's Eq. Plead. sect. 42.

APPEAL from Clinton Circuit Court, HON. GEO. W. DUNN, Judge.

*Reversed and bill dismissed.*

Statement of case by the court.

The following statement is substantially as made by the parties themselves :

The petition filed at the institution of the suit alleges that, in January, 1883, one Edwin C. Wright made and delivered to defendant two negotiable notes, one for twelve hundred dollars, and one for one thousand dollars; that, about the same time, Wright and his wife executed and delivered to defendant a deed of trust on a house and three lots in Cameron, to secure the payment of the notes ; that A. T. Baubie was the trustee named in said deed, and that it was provided therein that, upon failure of the maker to pay either of the notes, the trustee was authorized to sell the property ; that, on the fifth day of February, 1883, the defendant sold, assigned and delivered to plaintiff the note for one thousand dollars, for value received, and that plaintiff still owns it ; that, by reason of such assignment, he became owner, *pro tanto*, of the deed of trust ; that defendant, on the twenty-second day of July, 1883, purchased of said Wright the equity of redemption in said property, and received from Wright and his wife an absolute deed for the property ; that, on the twenty-eighth day of July, 1883, defendant fraudulently, and without the knowledge or consent of plaintiff, entered upon the margin of the deed record, satisfaction of said deed of trust; that defendant is insolvent ; "that plaintiff has no other security for the payment of said one thousand dollar

note; that he cannot collect said note by law from the maker thereof." He, therefore, prays "the court to reform and correct the said entry of satisfaction and cancellation, and to set aside and cancel so much of said entry of cancellation and satisfaction as affects the rights of this plaintiff." This special prayer is followed by the prayer for general relief.

The answer upon which the case was tried, admits the execution and delivery of the notes and deed of trust; admits that defendant assigned the one thousand dollar note to plaintiff, but denies that plaintiff is or has been the owner of it since July 23, 1883.; admits that, on the twenty-second day of July, 1883, he purchased of Wright the property in Cameron and took to himself a deed therefor. But it is alleged that defendant made the purchase at the instigation and request of plaintiff, for their joint benefit; that the agreement between himself and Wright was, that he would pay for the property twenty-eight hundred dollars; that of this sum, twenty-two hundred dollars, and the interest thereon, was to be paid in the two notes given by Wright to the defendant; defendant was to assume the payment of a prior mortgage given by Wright on the property for the sum of about four hundred dollars, and the balance was to be paid in cash; that it was further agreed that the defendant was to deliver up the notes to Wright, and to enter satisfaction of the deed of trust given to secure them, on the margin of the deed record, at once; that plaintiff knew of, and was a party to, this agreement, and that it was made, not only with his knowledge and consent, but at his instigation; that defendant carried out the contract, so far as entering satisfaction of the deed of trust was concerned, immediately, but that McCray's note for one thousand dollars was deposited in the Farmers' Bank as collateral, and that he could not get possession of it without paying what McCray owed the bank; that, at great inconvenience to himself, he raised the sum of three hundred and twenty-five dollars, redeemed the

note, and then delivered both the notes to Wright. The answer concluded: "By reason of the premises, the defendant says that the said deed of trust became and is wholly extinguished, not only as to the said E. C. Wright, but as to all others, and defendant prays to be dismissed with his costs."

The plaintiff filed a replication denying the new matter in the answer. The evidence showed that the plaintiff had for sale, as agent for a man living in Connecticut, a farm lying in DeKalb county. That he sold the farm for three thousand dollars, ostensibly to the defendant, but really for the joint benefit of himself and the defendant. The deed was made to the defendant alone. That they at once re-sold the farm to Edwin C. Wright at a profit of twenty-two hundred dollars; that, upon a settlement between them, one thousand dollars fell to plaintiff, and twelve hundred dollars to defendant, and that two notes were taken from Wright and secured by a deed of trust, executed by Wright and his wife, upon the house and lots in Cameron. The notes and the deed of trust were given to the defendant, and he at once assigned the one thousand dollar note to the plaintiff. Wright employed the plaintiff, who was a real estate agent, to sell the house and lots for him, valuing them at three thousand dollars, and removed to his farm in DeKalb county.

The defendant testifies that he purchased the town property, like the farm, for the joint benefit of himself and the plaintiff, and at his instigation; that the meetings between himself and Wright for the purpose of making the purchase were arranged by the plaintiff; that, as an inducement to Wright to take the sum offered by defendant, he gave up his commission as agent; that the purchase, as alleged in the answer, was finally agreed upon by the three, and a day set when they were to meet in Maysville and consummate the trade. They did so meet, and defendant received from Wright the deed; that plaintiff ascertained the balance due Wright, which

defendant paid, and that when they left they promised that defendant would go at once and enter satisfaction of the deed of trust, and that they would send the notes to him (Wright); that the notes were both held by the Farmers' Bank, of Cameron, as collateral. All this is denied by the plaintiff, but defendant's evidence is corroborated by Wright, except as to the fact that the purchase was for the joint benefit of plaintiff and defendant, of which he said nothing. Defendant testified further, that he went at once to Plattsburg, with plaintiff's knowledge, in pursuance to their agreement with Wright, and entered satisfaction of the deed of trust; that plaintiff failing to redeem his note, he was compelled to do it to carry out their agreement. This was the state of the pleadings and evidence when the cause was submitted to the court.

The court found that the purchase of the property from Wright was made by the procurement and with the consent of the plaintiff; that, by the purchase, the two notes were satisfied and extinguished, and that the entry of satisfaction of the deed of trust was properly made by the defendant; that the property was purchased by the defendant for his own benefit and not for himself and the plaintiff; that the plaintiff was the owner of the thousand dollars, and was entitled to recover it of the defendant, with interest, less the sum of three hundred and twenty-five dollars, paid by defendant to the Farmers' Bank, and any other sum that might be owing to defendant upon an accounting between them, which was ordered, and William Henry was appointed referee. It was further ordered that either party had the privilege to amend the pleadings to conform to the facts proved. The defendant objected to the order of reference and to the appointment of referee, which objection was overruled.

On the nineteenth day of May, 1885, at the May term, the referee filed his report, showing that defendant was indebted to plaintiff in the sum of $755.56. On the

twenty-first day of May the defendant filed his exceptions to the referee's report for the reasons :

"(1)   Because the issues made by the pleadings in the cause did not authorize or justify the reference of the cause or the appointment of the referee.

"(2)   Because all the issues made or tendered by the pleadings had been determined by the court prior to the appointment of the referee.

"(3)   Because an account was taken between the parties by the referee, without any petition or other pleading showing that the relation of debtor and creditor existed between the parties."

The exceptions were overruled.

On the twentieth of May, 1885, the plaintiff filed an amended petition.   The amended petition is the original petition re-written, and, in addition, these allegations :

"(1)   That at the time of filing the original petition, plaintiff filed notice *lis pendens*, as provided by statute.

"(2)   That, at the time of filing his original petition, his one thousand dollar note was in the Farmers' Bank as collateral, and that the defendant, fraudulently and without his knowledge or consent, got the same from the cashier by paying three hundred and twenty-five dollars, the amount of his indebtedness to the bank, and surrendered it to E. C. Wright, in part payment for the house and lots.

"(3)   A recital of part of what was found by the court on the trial at the October term, 1884, and a statement of the orders made at that time.

"(4)   The result of the accounting before the referee.

"(5)   That defendant is in possession of the property, and has been for a long time.

"(6)   That no persons have obtained any rights as against said property, between the filing of the deed of trust and the notice *lis pendens*.

"(7)   That the amount found by the referee has not been paid.

"(8)   That defendant is insolvent, and that, unless

he can enforce his judgment against the property, he will lose his debt."

The prayer is for judgment for the sum found by the referee, and that the same be made a lien upon the property deeded to defendant by Wright, and that the property be sold to pay the judgment.

At the January term, 1886, plaintiff offered evidence in support of his amended petition. Defendant objected to the introduction of the evidence because the amended petition was filed out of time, which objection was over-ruled.

The plaintiff then testified that the defendant had been in possession of the property since 1883; that he had paid nothing since the report of the referee; that he was insolvent, and that "he obtained my note for one thousand dollars from the Farmers', Bank in the manner and at the time stated in my amended petition." He then read in evidence the notice *lis pendens;* he then read in evidence the testimony of the defendant, as pre-served in the preliminary bill of exceptions and as copied into the present one; he then offered to read in evidence a deed of trust made by defendant to Thomas E. Turney, to secure defendant's wife, in the sum of twelve hundred dollars.

The defendant objected to the introduction of said deed in evidence because the same was irrelevant and immaterial, which objection was overruled.

The court then made and entered the following judgment and decree:

"At this day come the parties herein, by their respective attorneys, and the motion heretofore filed, to set aside the report of the referee, is taken up, con-sidered, and by the court overruled. And now the report of the referee, coming on for consideration, and both parties being present by attorneys, and all and singular the matters of the report being duly considered by the court, the said report is sustained. And this cause, coming on for final determination, the court

finds from the report that the amount due plaintiff to be the sum of $755.56, and that the same is a lien upon the real estate described in the petition. Wherefore, it is ordered and adjudged by the court, that plaintiff recover the sum of $755.56, as found to be due, with interest thereon at the rate of six per cent. per annum, from the nineteenth day of May, 1885, and that the lien of plaintiff upon lots ten, eleven and twelve, in block eighty-seven, in the city of Cameron, be enforced, and that the same or so much thereof as may be necessary, be sold, to satisfy, pay off and discharge this judgment, and that special *fieri facias* issue directed to the sheriff of Clinton county, commanding him to execute this judgment."

THOMAS E. TURNEY, for the appellant.

I. After finding that satisfaction of the deed of trust was properly entered by Lowry, the court should have dismissed the bill, because the only injury charged was the entry of satisfaction by Lowry, and the only relief prayed was that such entry should be cancelled. Rev. Stat., sect. 3511 ; Bliss on Code Pleading, sect. 159 ; *Newham v. Kenton*, 79 Mo. 382 ; *Baldwin v. Whaley*, 78 Mo. 186 ; Rev. Stat., sect. 3586. The prayer for general relief has no extraordinary efficacy under our statute ; and under no system of pleading did it accomplish what is claimed for it in this case. *Knight v. Bright*, 2 Mo. 110 ; *Mead v. Knox*, 12 Mo. 287 ; *Newham v. Kenton*, 79 Mo. 282. There was not only a failure to prove any of the material allegations of the petition, but all of them were disproved, and the court so found. *Crow v. Peters*, 63 Mo. 429 ; Bliss on Code Pleading, sect. 161. The answer, unnecessarily perhaps, sets out the evidence constituting the defence to the cause of action alleged in the petition ; but no more than this is set out or alleged, and affirmative relief is not asked for. But if all this were otherwise the judgment and decree are different from anything that can be tortured into "a theory of the case

set up in the answer." *Irwin v. Chiles*, 28 Mo. 576, 578; *Newham v. Kenton, supra; O'Fallon v. Clopton*, 89 Mo. 284. If there can, in any case, be an entire failure of proof, it occurs, I think, when all the material allegations of the petition are disproved. The trial court so found in this case, and if it had found otherwise, the evidence is so overwhelmingly in favor of defendant, that this court must have reversed such a finding.

II. The trial court not only found that the entry of satisfaction was rightfully made, but it also found that the notes were paid off and extinguished, and this finding is fully sustained by the evidence. This being so, the cause was not an equitable one, but Lowry was indebted to McCray in whatever sum McCray furnished toward paying for the property; and McCray's relation to the property did not differ from that of any of Lowry's other creditors. It is not pretended that it was agreed that McCray should have a lien upon the property at the time of, or after, its purchase from Wright, for the amount advanced by him; and in the absence of such an agreement, he is not entitled to a lien upon the property for his advances, either at law or in equity. Bouvier's Law Dict., title, Subrogation. The cause of action, if plaintiff had one, was for money paid to defendant's use at his request.

III. The error committed in refusing to dismiss the bill, and in ordering the reference, is not cured by the so-called amended petition, because (1) it was filed, not only after the reference had been ordered, but after the referee's report had been filed. (2) It is not an amended petition, but only the original petition re-written, and an elaborate history of what had been done since the institution of the suit, by the attorney, the defendant, the court, and the referee. (3) It does not conform to the facts proved, and found. If it did, its allegations would state the plaintiff out of court.

IV. If it is intended that causes shall be tried upon

pleadings, the exceptions to the referee's report should have been sustained. In none of the pleadings is there an intimation that there is an account between the parties, nor that one is indebted to the other, nor is a money judgment asked for by either party. *Martin v. Hall*, 26 Mo. 386.

V. The findings and judgment are not responsive to the issues made by the pleadings. In support of this point I refer to the petition and answer, and to the judgment and decree, and cite the following decisions of the supreme court of this state : *Baldwin v. Whaley*, 78 Mo. 186 ; *Newham v. Kenton*, 79 Mo. 382, and the cases cited in that opinio n, and *Russell v. McCartney*, 21 Mo. App. 544.

VI. Under the *evidence* there could be no judgment on the referee's report, and certainly no lien upon the property, and no order for its sale. *Chandler v. Freeman*, 50 Mo. 239.

J. F. HARWOOD and ROLAND HUGHES, for the respondent.

I. The *petition* made this an equitable case. After suit was begun defendant, by fraud, got possession of plaintiff's note, and put it beyond his reach, and fraudulently encumbered the property, and at the trial, in effect, admits that he holds one-half the legal title, which he has been conveying away, *in trust* for the plaintiff.

II. When a party comes into a court of equity, by petition, or *answer*, he must come with clean hands.

III. When a court of equity once gets jurisdiction of a cause, it will keep it until complete justice is done. " If a court of equity obtains jurisdiction for the purpose of granting some *distinctive* equitable relief, * * * and it appears from the facts disclosed at the hearing, but not known to the plaintiff when he brought on the suit, that the relief prayed for has become impracticable, and the plaintiff is entitled to the only alternative

relief possible, of damage, a court then may, and generally will, instead of compelling plaintiff to incur the double expense and trouble of an action at law, retain the case, decide all the issues involved, and decree the payment of merely compensatory damages." Pomeroy's Eq. Jur. sect. 237 ; *Holland v. Anderson,* 38 Mo. 55.

ELLISON, J.—From the statement in this cause it will be noticed that the first petition alleged plaintiff to be the owner of a note of one thousand dollars, by assignment from defendant, and that defendant, without the knowledge or consent of plaintiff, fraudulently released the deed of trust securing the same ; the prayer being to cancel this release.

A trial seems to have been had on this petition, the court making a finding and rendering a decree ; finding that the complaint was not true ; that the release, instead of being made fraudulently and without authority, was entered by the express direction of plaintiff ; that, notwithstanding this, the note which defendant surrendered to Wright when he entered satisfaction, was plaintiff's, and that plaintiff had a right to recover the amount thereof from defendant, less what defendant paid the Farmers Bank on plaintiff's debt to the bank, in order to get possession of the note, and any other sum defendant might owe plaintiff. In other words, the court in effect found that notwithstanding the note was properly surrendered, and the satisfaction of the trust deed was properly made, yet, as it was done to relieve defendant's property, the court finding that plaintiff had no interest in the purchase thereof, defendant owed plaintiff the amount of the note less plaintiff's indebtedness to defendant, and that this should be charged as a lien against the property so released.

There is no evidence upon which to base this decree. There is no evidence from either side, tending to show there was any agreement between the parties to the ef-

fect that if plaintiff would give up his note and permit satisfaction of the deed of trust to be entered, he should have a lien on the property covered by the deed of trust for the amount of the note less what he might owe defendant.

Neither is there anything to be found in the pleadings, original or amended, looking to such end, except the balance is asked to be charged as a lien, in the amended petition, but no facts are stated justifying such relief. The amendment still holds forth the idea of fraud in obtaining the note and entering satisfaction, when the fact is, it was done at plaintiff's instigation. Plaintiff testifies in harmony with his original petition, to the effect that the note was fraudulently obtained and the satisfaction fraudulently entered. Defendant and Wright each testify that it was done by his direction, and no one intimates that he was to have a lien on the property released.

The facts being the reverse of the idea that he was to have a lien, we find it impossible to sustain the decree. We are unable to see how the amended petition aids plaintiff's case ; there is still no pleading or evidence covering the relief obtained.

II. But it is contended the decree is justifiable under the prayer for general relief, which is a part of the prayer of the bill in addition to the specific relief of cancellation of the release.

The relief granted under a prayer for general relief must be such as is agreeable to the case made by the bill. *McNair v. Biddle*, 8 Mo. 257 ; Story's Eq. Pleading, sect. 40. This learned author adds (sect. 42), that " when the prayer for general relief is sufficient, the special relief prayed at the bar must essentially depend upon the proper frame and structure of the bill : for the court will grant such relief only as the case stated will justify ; and will not, ordinarily, be so indulgent as to permit a bill framed for one purpose to answer another,

especially if the defendant may be surprised or preju-diced thereby."

In this case the great preponderance of the evidence, the facts found by the court, and the relief decreed, are in the face of the bill.

The judgment is reversed, and the bill is dismissed. Philips, P. J., concurring ; Hall, J., absent.